UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID CAICEDO, RAJIB
CHOWDHURY and FLORIDA
RISING TOGETHER, INC.,

    Plaintiffs,

v.                                                      Case No: 6:23-cv-2303-JSS-RMN

RON DESANTIS,

    Defendant.
_____/

## **ORDER**

    Defendant moves to stay all discovery obligations in this matter pending the court's resolution of his Motion to Dismiss the Complaint (Dkt. 29). (Motion, Dkt. 35.) Plaintiffs oppose the Motion. (Dkt. 36.) Upon consideration, Defendant's motion is granted.

    Pursuant to Federal Rule of Civil Procedure 26(c), a court may, for good cause, issue a protective order staying discovery pending resolution of a dispositive motion. Fed. R. Civ. P. 26(c)(1); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2021) at Section I.E.4.; *Fitzgerald Motors, Inc. v. FCA US LLC*, No. 8:19-cv-2661-T-35AAS, 2020 WL 1139092, at *1 (M.D. Fla. Mar. 9, 2020). However, the court enjoys "broad discretion" in deciding whether a stay of discovery is warranted.

*See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.") (footnote omitted).

"While motions to stay discovery may be granted pursuant to Rule 26(c) . . . the moving party bears the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *United States v. Space Coast Med. Assocs., L.L.P.*, No. 6:13-cv-1068-Orl-22TBS, 2014 WL 12616951, at *1 (M.D. Fla. Dec. 3, 2014) (quoting *Feldman*, 176 F.R.D. at 652). Delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652. However, "[d]iscovery should follow the filing of a well-pleaded complaint." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981); *accord Chudasama*, 123 F.3d at 1367. Thus, it is necessary for the court to "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53 (internal quotations removed).

Upon consideration, the court finds that Defendant has demonstrated good cause and reasonableness for a stay of discovery pending resolution of his Motion to Dismiss. The Motion to Dismiss is case dispositive and the court's granting of the

motion would obviate the need for discovery in this matter. Moreover, Defendant challenges Plaintiffs' standing to assert their claims, which implicates the court's jurisdiction over this matter. *See, e.g.*, *Morris v. Lincare Inc.*, No. 8:22-cv-2048-CEH-AAS, 2023 WL 3092625, at *1 (M.D. Fla. Apr. 26, 2023) ("Although such a stay will delay the plaintiff's efforts to obtain discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines it the plaintiff lacks standing to bring this action."); *Latell v. Triano*, No. 2:13-cv-565-FtM-29CM, 2014 WL 5822663, at *2 (M.D. Fla. Feb. 28, 2014) ("Because there are pending motions challenging personal jurisdiction, standing, and the legal sufficiency of the amended complaint, the Court will stay discovery for a period of 90 days.").

Accordingly, Defendant's Motion to Stay All Discovery Obligations Pending Resolution of Motion to Dismiss (Dkt. 35) is **GRANTED**. Discovery in this matter is stayed pending the court's resolution of Defendant's Motion to Dismiss (Dkt. 29).

**ORDERED** in Orlando, Florida, on April 11, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record