UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID CAICEDO, RAJIB
CHOWDHURY and FLORIDA
RISING TOGETHER, INC.,

     Plaintiffs,

v.                                Case No: 6:23-cv-2303-JSS-RMN

RON DESANTIS,

     Defendant.
_____/

## ORDER

Defendant moves to dismiss Plaintiffs' Complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Motion, Dkt. 29.)  Plaintiffs oppose the Motion.  (Dkt. 34.)  The court held a hearing on the Motion on May 2, 2024.  (Dkt. 46.)  For the reasons set forth below, Defendant's Motion is granted and Plaintiffs' Complaint (Dkt. 1) is dismissed without prejudice.

## BACKGROUND

Plaintiffs bring their Complaint seeking preliminary and permanent injunctive relief and declaratory relief following the removal of State Attorney Monique Worrell by Defendant Florida Governor Ron DeSantis on August 9, 2023.  (Dkt. 1.)  Plaintiffs are two individual residents of Orlando, Florida, who voted for Ms. Worrell in 2020, and an organization, Florida Rising Together, Inc., whose mission is "to increase the

voting and political power of marginalized communities" and whose "members include residents of Orange and Osceola counties who voted for Ms. Worrell during the November 2020 election." (*Id.* ¶¶ 9–12.) According to Plaintiffs, Defendant's actions in removing Ms. Worrell for political purposes and replacing her with "his ideological ally," "effectively disenfranchise[ed] almost 400,000 voters in violation of rights protected by the First and Fourteenth Amendments of the U.S. Constitution." (*Id.* ¶¶ 1, 71.)

Plaintiffs' Complaint asserts two counts pursuant to 42 U.S.C. § 1983: Infringement of Voters' Rights to Due Process in Violation of the Fourteenth Amendment to the U.S. Constitution (Count One) and Infringement of Voters' Rights to Association and Political Expression in Violation of the First Amendment to the U.S. Constitution (Count Two). (Dkt. 1 ¶¶ 73–85.) Plaintiffs seek a declaration that Defendant's order removing Ms. Worrell violates the First and Fourteenth Amendments, a preliminary and permanent injunction directing Defendant to reinstate Ms. Worrell as State Attorney for the Ninth Judicial Circuit of Florida, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988. (Dkt. 1 at 21–22.)

## ANALYSIS

### A. Standing

Defendant argues that Plaintiffs have failed to adequately allege an injury in fact sufficient to support standing under Article III of the Constitution and that Florida Rising does not have standing to maintain its claims as an organization. (Dkt. 29 at

6–13.)  At the court's direction, the parties submitted supplemental briefing on the issue of redressability of Plaintiffs' injuries in light of the Eleventh Circuit's order in *Warren v. DeSantis*, No. 23-10459 (11th Cir. Apr. 23, 2024), ECF No. 111.  (Dkts. 47, 49, 50.)  Because the redressability of Plaintiffs' claims remains an open question and the subject of active briefing before the Eleventh Circuit, the court expresses no opinion on the redressability of Plaintiffs' alleged injuries here.  Nevertheless, upon consideration, the court finds that Plaintiffs have failed to adequately allege an injury in fact sufficient to confer Article III standing on Plaintiffs to support the court's exercise of jurisdiction.

      "[S]tanding is a necessary component of [a federal court's] jurisdiction to hear 'cases' and 'controversies' under Article III of the Constitution," and must therefore be addressed first.  *Am. C.L. Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1190 (11th Cir. 2009) (citing *Ouachita Watch League v. Jacobs,* 463 F.3d 1163, 1169 (11th Cir. 2006)); *see also Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1349 (11th Cir. 2009) ("Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.") (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)).  Indeed, a motion to dismiss for lack of standing "has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."  *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.,* 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)).  "Absent a justiciable case or controversy between

interested parties," the court lacks the "power to declare the law." *Wood v. Raffensperger*, 981 F.3d 1307, 1313 (11th Cir. 2020) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

The party invoking federal jurisdiction bears the burden of establishing the constitutional requirements for standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing to maintain its claims, the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Warth v. Seldin,* 422 U.S. 490, 498–99 (1975)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990)); *see also Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1081 (11th Cir. 2002) ("at this stage [plaintiff] is only required to generally allege a redressable injury caused by the actions of [defendant] about which it complains").

## 1. Individual Voters

To demonstrate an "injury in fact," Plaintiffs must establish that they "have suffered, or . . . face an imminent and not merely hypothetical prospect of suffering, an invasion of a legally protected interest resulting in a 'concrete and particularized'

injury." *Am. C.L. Union of Fla., Inc.*, 557 F.3d at 1190 (quoting *Fla. State Conf. of the NAACP v. Browning,* 522 F.3d 1153, 1159 (11th Cir. 2008)).   In the context of voting, "[t]he Supreme Court has long recognized that a person's right to vote is individual and personal in nature and voters who allege facts showing disadvantage to themselves as individuals have standing to sue as they have alleged a concrete and particularized injury." *Ga. Ass'n of Latino Elected Offs., Inc. (GALEO) v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1114 (11th Cir. 2022) (quoting *Gill v. Whitford*, 585 U.S. 48, 65–66 (2018)) (internal quotations omitted).   "A plaintiff need not have the franchise wholly denied to suffer injury.   Any concrete, particularized, non-hypothetical injury to a legally protected interest is sufficient." *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1351 (11th Cir. 2009) (quoting *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir. 2005)).   However, "courts have routinely concluded 'that a voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate.'" *Wilding v. DNC Servs. Corp.*, No. 16-61511-CIV, 2017 WL 6345492, at *5–6 (S.D. Fla. Aug. 25, 2017), *aff'd and remanded,* 941 F.3d 1116 (11th Cir. 2019) (collecting cases).

As alleged in the Complaint, Plaintiffs voted for Ms. Worrell in 2020 and were injured because Defendant's "baseless suspension of Ms. Worrell effectively disenfranchised the voters who elected her and seriously undermined the fundamental fairness and integrity of the electoral process." (Dkt. 1 ¶ 8.)   Plaintiffs allege that Defendant's "intentional nullification of election results has . . . deprived nearly

400,000 people of their fundamental right to vote and threatens the integrity of the state's democratic system." (*Id.* ¶¶ 77–78.) Plaintiffs further allege that Defendant "abrogated Plaintiffs' associational and expressional First Amendment rights when he abused the suspension authority accorded to him under Florida law" and set "aside the results of a fair and free election" for "pretextual reasons." (*Id.* ¶ 93.)

Upon consideration, the court finds that Plaintiffs failed to allege an invasion of a legally protected interest in Defendant's removal of Ms. Worrell from her position pursuant to the Florida Constitution. Instead, Plaintiffs' injury appears to be largely derivative of Ms. Worrell's own injury in being removed before the conclusion of her term for alleged partisan reasons. *See, e.g.*, (Dkt. 1 ¶ 7 ("On August 9, 2023, Governor DeSantis suspended Ms. Worrell from office without a shred of credible evidence to support his allegations of 'neglect of duty' and 'incompetence'—the purported grounds for her suspension.")); *compare Wood*, 981 F.3d at 1314 ("[I]f Wood were a political candidate harmed by the recount, he would satisfy this requirement because he could assert a personal, distinct injury.") (citing *Roe v. Alabama ex rel. Evans*, 43 F.3d 574, 579 (11th Cir. 1995)) *with Becker v. Fed. Election Comm'n*, 230 F.3d 381, 390 (1st Cir. 2000) ("The only derivative harm Nader's supporters can possibly assert is that their preferred candidate now has less chance of being elected. Such 'harm,' however, is hardly a restriction on voters' rights and by itself is not a legally cognizable injury sufficient for standing.") (quoting *Gottlieb v. FEC*, 143 F.3d 618, 622 (D.C. Cir. 1998) (holding that voters cannot establish standing solely on basis that their candidates have

been unfairly treated)); *see also Radford v. Erie Cnty. Bd. of Elections*, No. 09-CV-583S, 2011 WL 4527327, at *5 (W.D.N.Y. Sept. 27, 2011) ("Plaintiffs allege an injury that solely is derivative of the harm suffered by their preferred candidate, Bryon McIntyre. Mr. McIntyre himself might have had standing to challenge the validity of the election based on Mr. Yellen's inclusion on the ballot.  But that standing does not flow to voters supporting Mr. McIntyre.") (citing *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 194 (2d Cir. 2001)).  The Complaint's allegations do not establish that Plaintiffs, as voters casting successful ballots for Ms. Worrell in 2020, had any legally protectable interest in Ms. Worrell remaining in office through her term.  *See, e.g.*, *McGraw v. Banko*, No. 22-12987, 2023 WL 7039511, at *2 (11th Cir. Oct. 26, 2023) ("Put differently, voters exercised their right to vote.  But they elected someone who another state official determined was ineligible to hold the position under state law.  We cannot say that the Governor's actions violated a clearly established constitutional right such that he may be held liable for damages."); *Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1335 (M.D. Ala. 2004) ("[T]his Court cannot construe Plaintiffs' rights to vote under the Voting Rights Act so broadly as to encompass a right to maintain Moore in public office or resist Moore's removal from office.") (citing *Smith v. Winter*, 717 F.2d 191, 198 (5th Cir. 1983) ("It seems clear, however, that if the right to vote stops short of the right to hold office, it necessarily also stops short of any absolute right to resist recall from office.")).  The Complaint further does not allege that Plaintiffs were prevented from casting their votes for Ms. Worrell in 2020 or expressing their support for her,

nor were Plaintiffs prevented from associating with Ms. Worrell or her supporters in any way. *See O'Laughlin v. Palm Beach Cnty.*, 30 F.4th 1045 (2022) ("Plaintiffs complain that they were unfairly disciplined for their social-media posts—that is, for their speech—not that they were punished for joining the union, collectively bargaining, or otherwise hanging around with people who share their beliefs.  At its core, this is a speech case, not an association case.").

Plaintiffs have also failed to allege facts to support a particularized injury caused by Defendant's actions aside from being among the 400,000 individuals who voted for Ms. Worrell in 2020.  "An injury is particularized when it 'affect[s] the plaintiff in a personal and individual way.'"  *Sierra v. City of Hallandale Beach, Fla.*, 996 F.3d 1110, 1113 (11th Cir. 2021) (quoting *Lujan*, 504 U.S. at 560).  Plaintiffs argue that their injury is sufficiently particularized because although it is widely shared, it is specific to them as individuals who "(1) were registered to vote, (2) voted in the 2020 election, (3) voted in the State Attorney's race for the Ninth Judicial Circuit, (4) voted for Monique Worrell, and (5) had the value of their votes diminished and devalued by Worrell's subsequent suspension."  (Dkt. 34 at 5.)  But these characteristics do not distinguish any injury Plaintiffs suffered from the nearly 400,000 individuals that voted for Ms. Worrell.  (Dkt. 1 ¶ 4.)  "The Supreme Court has long made clear that 'when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.'"  *Wilding*, 2017 WL 6345492, at *5 ((quoting *Warth v. Seldin*, 422 U.S.

490, 499 (1975)); *see also Berg v. Obama*, 586 F.3d 234, 240 (3d Cir. 2009) (affirming dismissal for lack of standing challenge to former president's eligibility to run for and serve as President of the United States in part where alleged harm is "too general for the purposes of Article III"); *Sablosky v. McConnell*, No. CV 16-2528 (RBW), 2017 WL 6271562, at *2 (D.D.C. Apr. 3, 2017) ("The plaintiff's purported injury is not distinguishable from that of the potentially millions of voters in winner-take-all states who voted for [their candidate], and is therefore insufficient to confer standing upon him to proceed with this lawsuit.") (citing *Sibley v. Alexander*, 916 F. Supp. 2d 58, 61 (D.D.C. 2013) ("[The plaintiff's] status as a voter, standing alone, [was] insufficient to confer standing" in a case challenging former president's eligibility to hold office)).

Plaintiffs do not dispute that Defendant had the authority to remove Ms. Worrell under the Florida Constitution. *See* Fla. Const. art IV, § 7(a). Rather, Plaintiffs argue that Defendant removed Ms. Worrell for "doing nothing other than meeting her professional and ethical obligations and exercising her inherent prosecutorial discretion" and improperly "overrode the will of the voters, substituting his policy preferences for theirs." (Dkt. 1 ¶¶ 55, 71.) To the extent Plaintiffs challenge Defendant's actions as offending that process and running afoul of the Florida Constitution, "[a]n injury to the right 'to require that the government be administered according to the law' is a generalized grievance." *Wood*, 981 F.3d at 1314 (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1205–06 (11th Cir. 1989)). "And the Supreme Court has made clear that a generalized grievance, 'no matter how sincere,' cannot

support standing." *Id.* (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013)); *see Becker*, 230 F.3d at 389 ("[T]he harm done to the general public by corruption of the political process is not a sufficiently concrete, personalized injury to establish standing."); *Wisconsin Voters All. v. Pence*, 514 F. Supp. 3d 117, 120 (D.D.C. 2021) ("To the extent that they argue more broadly that voters maintain an interest in an election conducted in conformity with the Constitution, [] they merely assert a 'generalized grievance' stemming from an attempt to have the Government act in accordance with their view of the law.") (citing *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013)).

Plaintiffs' alleged injuries are akin to those addressed by the Eleventh Circuit in *Wood v. Raffensberger*, in which the court rejected a post-election challenge seeking to enjoin certification of Georgia's 2020 election results, secure a recount, and establish new rules for an upcoming runoff election and found that the plaintiff did not allege a particularized injury to establish standing. 981 F.3d at 1314–16. The court rejected the plaintiff's arguments that he established standing through a theory of vote dilution because "'no single voter is specifically disadvantaged' if a vote is counted improperly, even if the error might have a 'mathematical impact on the final tally and thus on the proportional effect of every vote.'" *Id.* at 1314–15 (quoting *Bognet v. Sec'y Commonwealth of Pa.*, 980 F.3d 336, 356 (3d Cir. Nov. 13, 2020)). The court also rejected the plaintiff's argument that Georgia improperly valued one person's vote over another through arbitrary and disparate treatment as "generalized grievances" because "irregularities in the tabulation of election results [did[] not affect [plaintiff] differently

from any other person" and "[h]is allegation, at bottom, remains 'that the law . . . has not been followed." *Id.* at 1315 (quoting *Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1332 (11th Cir. 2007)). "'[W]hen the asserted harm is ... shared in substantially equal measure by . . . a large class of citizens,' it is not a particularized injury." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)); *see also Abrahamson v. Neitzel*, 120 F. Supp. 3d 905, 917–18 (W.D. Wis. 2015) (holding that voter plaintiffs lacked standing in suit challenging change to state constitution that would alter term of chief justice of state supreme court for whom they had voted because "plaintiffs' claim is really just a disagreement with the way Wisconsin has interpreted the amendment providing a new method of selecting its chief justice" and "disagreement with a state law or policy does not constitute an injury in fact sufficient to achieve Article III standing.").

Plaintiffs' asserted harm here is removed from any alleged interference with the 2020 election or interference with their successful votes for Ms. Worrell, as she assumed and held office for over two and a half years before being removed. *Cf. O'Rourke v. Dominion Voting Sys., Inc.*, No. 21-1161, 2022 WL 1699425, at *2 (10th Cir. May 27, 2022), *cert. denied,* 143 S. Ct. 489 (2022) ("Accordingly, no matter how strongly Plaintiffs believe that Defendants violated voters' rights in the 2020 election, they lack standing to pursue this litigation unless they identify an injury to themselves that is distinct or different from the alleged injury to other registered voters.") (citing *Carney v. Adams*, 141 S. Ct. 493, 499 (2020) ("Lawyers, such as [the plaintiff], may feel

sincerely and strongly that Delaware's laws should comply with the Federal Constitution.  But that kind of interest does not create standing.  Rather, the question is whether [the plaintiff] will suffer a personal and individual injury beyond this generalized grievance[.]")).  Plaintiffs have thus failed to allege a particularized injury in fact.  More specific allegations related to the Plaintiffs' claimed injuries are required to support their standing in this matter.  *See GALEO*, 36 F.4th at 1115 (finding standing based on diversion of resources and plaintiff's "more specific allegations identifying the steps it is taking in response to Defendants' alleged illegal activities and the personnel it has assigned to help"); *Browning*, 522 F.3d at 1164–66 (organizational plaintiffs alleged particularized injury where Florida voter registration statute "will hinder their abilities to carry out their missions of registering voters in their respective communities"); *Hisp. Fed'n v. Byrd*, No. 4:23-cv-218-MW/MAF, 2024 WL 906004, at *2 (N.D. Fla. Mar. 1, 2024) (organization's individual members "have suffered concrete and particularized injuries in that they can no longer work as paid canvassers or they have had the terms of their employment substantially changed to avoid running afoul of the challenged provision"); *Nielsen v. DeSantis*, 469 F. Supp. 3d 1261, 1266 (N.D. Fla. 2020) (finding concrete and particularized injury in fact for "individual plaintiffs who wish to vote by mail and reside in counties that do not provide postage," "individual plaintiffs who wish to vote by mail and wish to do so closer in time to election day than would be prudent under the ballot-receipt deadline," "individual plaintiffs who wish to have their ballots delivered by others who are prohibited from

doing so by the ballot-delivery restriction," "[b]lind individuals who wish to vote by mail," and "[i]ndividual plaintiffs who wish to vote in a manner minimizing the risk of covid-19"); *People First of Ala. v. Merrill*, 467 F. Supp. 3d 1179, 1197–98 (N.D. Ala. 2020) (registered voters, who were at higher risk from COVID-19 due to their age, race, or underlying medical conditions, had particularized injury in fact necessary to demonstrate standing).

### 2. Organizational Plaintiff

Plaintiffs assert that Florida Rising has associational standing to maintain its claims "on behalf of its members who voted for Worrell and then had their vote nullified." (Dkt. 34. at 6.) "To establish associational standing, an organization must prove that its members 'would otherwise have standing to sue in their own right.'" *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1249 (11th Cir. 2020) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000)). The only allegation in Plaintiffs' Complaint with respect to Florida Rising's membership is that it includes "residents of Orange and Osceola counties who voted for Ms. Worrell during the November 2020 election." (Dkt. 1 ¶ 12.) As discussed above, the court finds these allegations insufficient to establish an injury in fact to confer standing. Plaintiffs have therefore failed to allege facts to establish Florida Rising's associational standing to maintain its claims.

Accordingly, upon consideration of Plaintiffs' Complaint, Plaintiffs have failed to allege an injury in fact sufficient to support standing under Article III of the

Constitution in their position as voters for Ms. Worrell in 2020 and the Complaint must be dismissed without prejudice for lack of subject matter jurisdiction. *See Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303, 1311 (11th Cir. 2024) ("[O]rdinarily, absent standing, 'a court must dismiss the plaintiff's claim without prejudice.'") (quoting *McGee v. Solicitor Gen. of Richmond Cnty.*, 727 F.3d 1322, 1326 (11th Cir. 2013)).

### B. Failure to State a Claim

"Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on *only* the jurisdictional grounds." *DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) (vacating dismissal with prejudice based on standing) (quoting *Boda v. United States*, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983)).  Because the court finds that Plaintiffs lack standing, the court has no jurisdiction to address the merits of Plaintiffs' claims or Defendant's arguments that Plaintiffs failed to state a claim on each count. *Id.* ("The district court was without jurisdiction to consider the more interesting and substantive questions presented by the case."); *Gardner v. Mutz*, 962 F.3d 1329, 1344 (11th Cir. 2020) ("We hold that the plaintiffs have not alleged a concrete, particularized injury and that they therefore lack Article III standing.  Accordingly, we lack jurisdiction to consider the merits of their claims.").

### CONCLUSION

Accordingly:

1. Defendant's Motion to Dismiss Complaint (Dkt. 29) is **GRANTED**.

2. Plaintiffs' Complaint (Dkt. 1) is **DISMISSED without prejudice** for lack of standing.  Plaintiffs may file an amended complaint within 30 days of this order.

**ORDERED** in Orlando, Florida, on May 22, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record